UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN GARRETT BAUTISTA,<br><br>        Plaintiff,<br><br>  v.<br><br>EDWARD S. ALAMEIDA, etc.;<br>et al.,<br><br>        Defendants.<br>                                     / | No. C 05-112 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Shawn Garrett Bautista, formerly incarcerated at the Santa Clara County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for consideration under 28 U.S.C. § 1915A, following a reversal of the court's earlier order of dismissal and remand for further consideration.

## BACKGROUND

A.    The Complaint's Allegations

In his complaint, Bautista alleged that he was denied various procedural protections in several parole revocation proceedings. He apparently was taken into custody on four occasions for different parole violations and spent time in custody each time his parole was revoked. He alleges that the hearings to revoke his parole on each occasion were not in compliance with the requirements of due process, e.g., the hearing officer allowed a witness to testify outside Bautista's presence and his various objections about evidence were denied. At the last parole

revocation hearing on September 16, 2004, the board determined that Bautista's controlling discharge date of September 5, 2004 had already passed and therefore the board lacked jurisdiction to hold the hearing. The board elected to discharge Bautista from parole.

Bautista also alleged claims about mistreatment by correctional officer Villa on January 28, 2003 and his many efforts to complain about that mistreatment as well as the various problems he encountered while doing so. These allegations were not new; they repeated the allegations made in <u>Bautista v. Alameda</u>, C 03-5766 SI, which was dismissed months earlier.

B.  Procedural History Of The Case

The court reviewed the complaint and dismissed it without leave to amend. The court explained:

> The complaint does not adequately identify the basis for liability for each of the several defendants so that the court can analyze whether any of them acted or failed to act in a way that violated Bautista's constitutional rights. Leave to amend will not be granted, however, because there are two distinct problems fatal to Bautista's claims that he was not afforded the various procedural protections to which he was entitled when his parole was revoked: his claims are barred by <u>Heck</u> and the persons who decided to revoke parole have immunity for such decisions.

Order Of Dismissal, p. 2. The court further decided that the claims regarding Bautista's alleged mistreatment by correctional officer Villa on January 28, 2003 and his many efforts to complaint about the mistreatment as well as the various problems he encountered while doing so repeated the allegations made in an earlier action and could not be relitigated in this action.

Bautista appealed. The United States Court of Appeals for the Ninth Circuit vacated the dismissal and remanded the case with these comments. First, the Ninth Circuit directed this court to reconsider whether <u>Heck</u> barred Bautista's action in light of the information that he was released from incarceration upon the expiration of his parole. Second, the appellate court stated that it was not clear that all parole board defendants are entitled to absolute immunity. Third, the Ninth Circuit noted that Bautista may also state a claim that he was improperly detained past the maximum termination date of his sentence. <u>See</u> <u>Bautista v. Alameida</u>, 9th Cir. No. 05-15800. Although the memorandum decision was filed in the Ninth Circuit on February 22, 2006 and the remand issued in late March, the case file was not returned to this court until four weeks ago.

2

It is now time to resume the litigation of this action. That puts this action back at the starting point, i.e., review of the sufficiency of the complaint.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint has several deficiencies which must be cured by the filing of an amended complaint. First, as previously noted, the complaint does not adequately identify the basis for liability for each of the several defendants so that the court can analyze whether any of them acted or failed to act in a way that violated Bautista's constitutional rights. Bautista must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to the defendants as a group, i.e., "the defendants" or "the staff;" rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880

1 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d
2 675, 680-81 (9th Cir. 1984); accord Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)
3 (local governments cannot be liable under § 1983 under respondeat superior theory).  A
4 supervisor may be liable under section 1983 upon a showing of personal involvement in the
5 constitutional deprivation or a sufficient causal connection between the supervisor's wrongful
6 conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446
7 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor generally "is only liable for
8 constitutional violations of his subordinates if the supervisor participated in or directed the
9 violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d
10 at 1045.

11 Bautista may use Doe defendant designations to refer to defendants whose names are
12 unknown to him.  (If Bautista alleges that multiple unknown people violated his constitutional
13 rights, each unknown person must be identified as a separate John Doe, e.g., John Doe #1, John
14 Doe #2, etc. so that eventually each John Doe defendant can be replaced by a separate person
15 when his or her true name becomes known.)  Although the use of Doe defendants is acceptable
16 to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates
17 its own problem:  those persons cannot be served with process in this action until they are
18 identified by their real names.  Plaintiff must promptly take steps to discover the name of the
19 unnamed defendant and provide that information to the court in an amendment to his pleading.
20 The burden remains on the plaintiff; the court will not undertake to investigate the names and
21 identities of unnamed defendants.  Plaintiff must provide a true name and address for any Doe
22 defendant no later than **November 30, 2006**.  Any Doe defendant whose true name and an
23 adequate address for service of process has not been provided by the deadline (or who cannot
24 be served at the address provided) will be dismissed without prejudice.

25 Second, Bautista must allege the particular ways in which due process was allegedly
26 denied for each of the parole revocations.  For example, he states that he "later" will allege the
27 particular due process violations that occurred in connection with the November 2002 revocation
28 in addition to the alleged untimeliness of it.  See Complaint, p. 5.  "Later" has now arrived:

4

1 Bautista must allege the particular ways in which the parole revocation proceedings violated his
2 right to due process.

3 Third, the scope of the amended complaint is limited: Bautista can only complain about
4 the four parole revocations covered in his original complaint as well as his alleged detention
5 beyond the end of his maximum termination date for his sentence. He may not include any
6 allegations about his alleged mistreatment by correctional officer Villa on January 28, 2003 and
7 his many efforts to complain about that mistreatment as well as the various problems he
8 encountered while doing so. The court earlier dismissed those claims as frivolous and without
9 leave to amend because they repeated allegations made in an earlier action. Furthermore, the
10 Ninth Circuit's decision did not mention these claims at all, from which this court deduces that
11 either Bautista did not appeal that part of the dismissal or, if he did appeal it, the Ninth Circuit's
12 reversal and remand does not include those claims.

13 Per the Ninth Circuit's instruction, the court determines that Heck does not bar the due
14 process claims concerning the parole revocation proceedings. See Nonnette v. Small, 316 F.3d
15 872, 877-78 & n.7 (9th Cir. 2002). Because the complaint needs to be amended to more clearly
16 articulate who the defendants are and what they allegedly did wrong to Bautista, the court is
17 unable to determine from the allegations of the complaint that any parole board defendant is
18 entitled to absolute immunity See Swift v. California, 384 F.3d 1184, 1191 (9th Cir. 2004)
19 (parole officers are not absolutely immune from suits arising from conduct distinct from the
20 decision to grant, deny, or revoke parole).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **September 1, 2006**. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged

5

1 in the original complaint which are not alleged in the amended complaint.")  Failure to file the
2 amended complaint by the deadline will result in the dismissal of the action.
3      Bautista is responsible for prosecuting this case.  He must promptly keep the court
4 informed of any change of address and must comply with the court's orders in a timely fashion.
5 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
6 Federal Rule of Civil Procedure 41(b).  If he has multiple actions pending, he must file a change
7 of address notice in each pending action.
8      IT IS SO ORDERED.
9 Dated: July 24, 2006                    _____
                                          SUSAN ILLSTON
10                                         United States District Judge